UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK R. OLSZEWSKI and | ) | |
| KATHLEEN M. OLSZEWSKI, | ) | |
|     Plaintiffs, | ) | Case No. 12-CV-3131 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| QUICKEN LOANS INC. and | ) | |
| BANK OF AMERICA, N.A. | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 27, 2012, plaintiffs Frederick R. Olszewski and Kathleen M. Olszewski (the "Olszewskis") filed a complaint against Quicken Loans, Inc. ("Quicken") and Bank of America, N.A. ("BOA") alleging seven causes of action concerning a mortgage loan obtained on June 1, 2007. On October 17, 2012, the Court granted BOA's motion to dismiss all claims against it. The remaining causes of action allege violations by Quicken Loans of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et. seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et. seq., the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1692, et. seq., and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1. et. seq. In their seventh cause of action, the Olszewskis also allege breach of fiduciary duty against Quicken. On October 9, 2012, Quicken filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the foregoing reasons, Quicken's motion is granted, and the plaintiffs' claims are dismissed.

**Background**

On June 1, 2007, the Olszewskis obtained a $194,925.00 mortgage loan from Quicken which was transferred to Countrywide Home Loans, Inc., and is presently being serviced by BOA. The Olszewskis received and/or signed a Notice of Right to Cancel, a Mortgage Servicing Transfer Disclosure Notice, an Affiliated Business Arrangement Disclosure, and a copy of their HUD-1 Settlement Statement. Some time after the loan origination, the Olszewskis stopped making payments on their loan and BOA initiated foreclosure proceedings against them in state court on March 12, 2012. On April 27, 2012, the Olszewskis filed this present action against

Quicken and BOA. All claims against BOA were dismissed on October 17, 2012. The remaining claims against Quicken allege that the plaintiffs have not received complete, accurate, and timely disclosures in connection with their loan as required by TILA, RESPA, and the ECOA. The Olszewskis allege further that Quicken willfully failed to accurately and completely disclose the required and necessary terms of their loans in violation of ICFA. Lastly, plaintiffs claim that Quicken breached its fiduciary duty by "table funding," acting in a mere broker capacity while not holding actual ownership of the loan.

**Legal Standard**

Quicken moves for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Fed. R. Civ. P. 12(c) ("Rule 12(c)") permits a party to move for judgment after the parties have filed the complaint and answer. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Accordingly, the Court views the facts in the complaint in the light most favorable to the nonmoving party and a Rule 12(c) motion will be granted only if it appears that the plaintiff cannot prove any facts that would support his claim for relief. *Id*. Therefore, "to survive a Rule 12(c) motion, then, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the speculative level, assuming that all well-pleaded allegations in the complaint are true." *Lakeview Collection LLC v. Bank of Am.*, No. 09 C 3933, 2012 U.S. Dist. LEXIS 146214 (N.D. Ill. Oct. 11, 2012).

**Discussion**

Initially, Quicken moves for judgment on the pleadings arguing that the Olszewskis' TILA, RESPA, and ECOA causes of action are all barred by the applicable statute of limitations, the longest of which is three years. The parties do not dispute that the Olszewskis' TILA, RESPA, and ECOA claims are all time barred. However, the Olszewskis argue that despite being time-barred, the doctrine of equitable tolling should be applied. The Olszewskis argue that Quicken fraudulently concealed material elements of their mortgage loan and that they would not have had reason to discover the fraud and omissions until BOA initiated its foreclosure suit on March 12, 2012.

While the doctrine of equitable tolling does not require fault on the part of the defendant, it is applied sparingly and only where extraordinary circumstances beyond the litigant's control prevented timely filing. *Asher v. Chase Bank United States, N.A.*, 310 Fed. Appx. 912, 917 (7th Cir. 2009); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable

tolling is frequently confused with fraudulent concealment, a subset of equitable estoppel. *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001); *see also Asher*, 310 Fed. Appx. at 917. However, the Seventh Circuit has clearly held that equitable tolling and fraudulent concealment are two separate doctrines, *see Shropshear*, 275 F.3d at 595.

Unlike equitable estoppel, equitable tolling "applies when the plaintiff, though diligent, could not have obtained the information necessary to file a claim before the end of the limitations period." *Asher*, 310 Fed. Appx. at 917. Under the doctrine of equitable tolling, "even if a defendant is not responsible for the plaintiff's failure to sue within the limitations period, the [plaintiff] can get an extension of time within which to sue if it would have been unreasonable to expect him to be able to sue earlier." *Shropshear*, 275 F.3d at 595. However, "an essential element [of such an extension] is that the plaintiff have exercised due diligence; in other words that he have acted reasonably." *Id*. Furthermore, the plaintiffs bear the burden of demonstrating that the applicable statute of limitations should be tolled. *Asher*, 310 Fed. Appx. at 917; *see also Thomas v. Ocwen Fed. Bank FSB*, No. 01 C 4249, 2002 U.S. Dist. LEXIS 1231 at *8 (N.D. Ill. Jan. 23, 2002).

The Olszewskis have not met their burden for the statute of limitations to be tolled. The plaintiffs fail to allege that though diligent, they could not have obtained the information necessary to file their claims prior to the end of the limitations period. The Olszewskis make no allegations as to any efforts made by them to discover the information necessary to file their claims. The Olszewskis' merely allege that Quicken failed to provide them with various disclosures in violation of TILA, RESPA, and ECOA.

Moreover, the Olszewskis' arguments are particularly ambiguous regarding whether they are relying on the doctrine of fraudulent concealment, equitable tolling, or both to toll the applicable statute of limitations. While the plaintiffs argue for the application of equitable tolling, they also argue that Quicken fraudulently concealed all material elements of their mortgage loan and that they had no reason to discover the fraud until the initiation of the foreclosure suit by BOA. However, the Olszewskis fail to allege any fraudulent concealment by Quicken outside of their conclusory statement that Quicken engaged in such concealment. Fraudulent concealment implies deliberate efforts by the defendant to prevent the plaintiff from suing within the applicable statute of limitation, which efforts are above and beyond the wrongdoing upon which the plaintiff's underlying claim is based. *Cada v. Baxter Healthcare*

*Corp.*, 920 F.2d 446, 452 (7th Cir. 1990). The Olszewskis have failed to allege any such efforts on the part of Quicken. Accordingly, Quicken's motion to dismiss the Olszewskis' TILA, RESPA, and EOCA claims is granted and the claims are dismissed without prejudice.

Quicken next argues that the plaintiffs' ICFA claim is also barred by the applicable three year statute of limitations. The Olszewskis respond that under the applicable discovery rule, the statute of limitations is tolled until they discovered or had reason to discover the cause of action. A cause of action under ICFA "accrues when the plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994). "If the complaint on its face demonstrates that the action has been filed beyond the limitations period, as in the present case, the plaintiff must also allege facts showing that the cause of action was not and could not have been discovered through the exercise of due diligence." *Freeport Memorial Hospital v. Lankton, Ziegele, Terry & Associates, Inc.*, 170 Ill. App. 3d 531, 537 (Ill. App. Ct. 2d Dist. 1988). Here, the plaintiffs fail to assert any facts supporting their conclusory contention that they could not discover their ICFA claim through the exercise of due diligence. Accordingly, the Olszewskis fail to meet their burden and Quicken's motion to dismiss their ICFA cause of action is granted without prejudice.

Lastly, Quicken moves for dismissal of the Olszewskis' fiduciary duty cause of action as a matter of law. Quicken argues that a lender is not considered a fiduciary of its borrower. The Olszewskis argue that there was a fiduciary relationship because they relied on the judgment of Quicken and, in the alternative, the plaintiffs argue that Quicken was an agent for either BOA or some other party and not the actual lender or mortgagee. Quicken is correct that "generally, a lender is not considered a fiduciary of its borrower." *Stern v. Great Western Bank*, 959 F. Supp. 478, 487 (N.D. Ill. 1997). While a fiduciary relationship may occur where one party, due to a close relationship, relies heavily on the judgment of another, the conventional mortgagor-mortgagee relationship, standing alone, is insufficient to sustain an allegation of a fiduciary relationship." *Id*. Here, Quicken served as nothing more than a conventional mortgagor to the Olszewskis. The fact that Quicken's interest in the loan was subsequently transferred does not make Quicken an agent of the purchasers or acquirers of Quicken's prior loan. Accordingly, Quicken's motion to dismiss the Olszewskis' breach of fiduciary duty cause of action is granted with prejudice.

**Conclusion**

Quicken's motion for judgment on the pleadings to dismiss the Olszewskis' fiduciary duty claim is granted with prejudice. Quicken's motion to dismiss the Olszewskis' TILA, RESPA, ECOA, and ICFA claims is granted without prejudice. The Olszewskis are granted 28 days to file a motion for leave to file an amended complaint.

IT IS SO ORDERED.

_____
Date: January 28, 2012

_____
Sharon Johnson Coleman
United States District Judge